IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Stephen C. Lambert, | ) | C.A. No. 7:08-CV-0925-GRA-BHH |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| Roechling Automotive Duncan, LLP, | ) ) | |
| | ) | |
| Defendant | ) | |

This matter comes before the Court to review the magistrate's Report and Recommendation pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C.. The plaintiff in this case asserts claims for employment discrimination based on his national origin as an American and for harassment. The defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 is presently before the Court [Doc. 41].

In her Report and Recommendation the magistrate judge recommends that the defendant's motion for summary judgement should be denied with respect to the plaintiff's discrimination claims and granted with respect to the plaintiff's harassment claims. The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court

may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id.*

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections.  FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

a. **Discrimination Claim**

Neither party objects to the magistrate's recommendation that the defendant's motion for summary judgement should be denied with respect to the plaintiff's discrimination claim.  After reviewing the record, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to this claim.  Therefore, this Court adopts the magistrate's Report and Recommendation and denies summary judgement with respect to the plaintiff's discrimination claim.

b. **Harassment Claim**

The plaintiff objects to the magistrate's recommendation that his claim for harassment should be dismissed. The plaintiff argues that "[t]he Magistrate Judge's decision that the comments she found to have been evidence of animus or unlawful motive did not also constitute actionable harassment seems to be largely influenced by the decision in *Thompson v. Coca-Cola Co.*, 522 F.3d 168 (1st Cir. 2008)." Pl. Obj. to Rep. and Rec., 1 (July 27, 2009). Additionally, the plaintiff argues that the derogatory comments identified by the magistrate could not be characterized as isolated incidents. These arguemetns are without merit.

First, this Court disagrees that the magistrate was largely influenced by the decision in *Thompson v. Coca-Cola* as this case was cited only once and preceeed by the signal of "*see*" in an effort to provide an example of what does not constitute harassing behavior. Second, as stated by the magistrate, the plaintiff has not demonstated either the severity or the frequency to establish a claim for harassment.

When assessing a harassment claim, this court must look to the totality of the circumstances. *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir.2008). Some of the factors that the Court may look to include, "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.*

In light of these factors, granting summary judgement is highly appropriate.

First, the marks made by the German management personal were infrequent. The plaintiff worked at Roechling Automotive Duncan, LLP for at least four years, and only alleges a handful (8 to 14 occurrences) of comments that could even arguably be construed as harassment based on national origin.

Additionally, these comments were not severe, and amounted to non-actionable offensive utterance. The plaintiff basically alleges that the defendant made negative generalizations about American workers. Furthermore, none of these comments contained serious threats of violence or humiliating racial epitaphs. Finally, the plaintiff does not allege that it provided an unreasonable interference with his work. The limited number of relatively mild remarks spread over a four-year period provide an insufficient basis for the plaintiff's harassment claim.

After reviewing the record, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

Wherefore, based upon the foregoing, the defendant's motion for summary judgment [Doc. 41] is GRANTED with respect to the plaintiff's harassment claim and DENIED with respect to the plaintitt's discriminatory discharge claim.

IT IS SO ORDERED.

                                                 G. ROSS ANDERSON, JR.
                                                 UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
August 5, 2009